No. 353

ROYAL IND. CO. v. AMER. VIT. PRODUCTS CO.

Ohio Appeals, 9th Dist., Summit Co.

No. 1195. Decided Feb. 14, 1927

1139. SURETY BONDS—Indemnity bond given to secure faithful performance, held: that such appropriation by said employee of funds collected during the term of the bond to the payment of his shortage, both before and after the date of the bond, constituted a dishonest misapplication of such funds within the meaning of said bond.

First Publication of this Opinion

WASHBURN, P. J.

Carl E. Cook was an employe of the American Vitrified Products Co. in the capacity of cashier. He committed suicide and after his death it was found that he had appropriated several thousand dollars of the company's money to his own use.

During his employment and before March 1, 1923, the Products Co. carried insurance against fraud or dishonesty of Cook in companies other than the Royal Indemnity Co. This case is therefore before us for review of the claim of the Indemnity Co. being that the facts warranted a judgment for only $966-.12 as that was the amount lost during the period of their indemnity instead of much larger amount returned in the verdict of the lower court.

The Court of Appeals held:

1. There being no express provisions in the bond making the Indemnity Co. liable therefore, it is not liable fo rthe default of Cook occurring before the date of its bond; it is liable only for pecuniary loss during the term of its bond, but sad bond s to be lberally con-. strued like an insurance policy.

2. It being conceded that after the date of the bond Cook collected about $3600 which he did not report and that he was short that amount in his accounts, the burden of proof was on the Indemnity Co. to prove what part thereof was properly paid over by Cook. Kelly v. State, ex. 25 OS. 567.

3. This is an action upon an express contract and not a case involving the equitable rights of different indemnity companies. The question is whether Cook's dishonest conduct after the date of the bond caused the Products Co. to suffer the loss claimed.

4. When Cook, after the bond in question was given, collected the funds in question froom the customers of his employer, he then owed his employer two distinct items—one for the money he had previously collected and failed to report and pay over, and the other the money he had just collected; he reported and paid over the former, and while he did later report and pay over the latter, he paid same with sums subsequently collected, and which last collections he never did report and pay over, and his employer thereby lost the same.

5. The instrument sued on in this case is in effect an insurance policy and should be interpreted and construed according to the rules applicable to insurance contracts. The Indemnity Co. is in a sense a surety, but being a paid surety, it is not now, as sureties once were, especially favored by the courts. Royal Indemnity Co. v. Granite Co. 100 OS. 373.

Judgment therefore affirmed.

(Pardee, J., concurs.)

FUNK, J., dissenting.

6. As it is not claimed that Cook paid anything to the Company to make up the shortage prior to March 1. 1924 other than his check as cashier, countersigned by the branch manager on the company bank account in which he had deposited the customers' checks together with the funds received from the company for expenses, I think that he was using the money to pay his prior shortage and the payment by Cook with money collected from one customer before March 1, 1924, which is the effective date of the bond, with money belonging to the company collected from another customer after that date, did not constitute a pecuniary loss under the terms of the bond.

Attorneys—Herberich, Burroughs & Bailey for Indemnity Co.; Mather, Nesbitt & Willkie for Products Co.; all of Akron.